CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VASU D. AURORA, M.D., | ) |
| Plaintiff, | ) Civil Action No. 7:05-cv-188 |
| | ) Criminal Action No. 1:98-cr-00072 |
| v. | ) **MEMORANDUM OPINION** |
| JOHN S. EDWARDS, | ) |
| MICHELLE DERRIKO, | ) |
| MICHAEL J. BARBOUR, | ) |
| TERRY G. KILGORE, | ) |
| JOHN R. FLEDER, | ) |
| DOE 1-25, | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |
| Defendants. | ) |

Plaintiff Vasu D. Aurora, M.D., proceeding pro se, attempts to bring this suit as a personal injury action for alleged ineffective assistance of counsel with jurisdiction based on diversity grounds pursuant to 28 U.S.C. § 1332. However, upon review of the record and the pleadings, and following arguments by the parties at a hearing held on September 21, 2005 concerning defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court finds that Aurora is attempting to attack his federal convictions for distribution of controlled substances, mail fraud, health care fraud, and money laundering which he pleaded guilty to on October 19, 1999, and his 37 month sentence received on April 13, 2000.[1] Therefore, the court construes this action as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and grants defendants' motion to dismiss.

I.

Court records indicate that Aurora previously filed a § 2255 motion, Civil Action No.

---

[1] Aurora served his sentence and now resides in California.

7:01cv00305, regarding the same conviction and/or sentence.[2] Thus, Aurora's current §2255 motion is a subsequent one, falling under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under these amendments, this court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See §2255, ¶8.

## II.

Additionally, to the extent that Aurora attempts to obtain monetary damages from defendants for malpractice Virginia law would apply. The court finds that under Virginia law he fails to state a claim upon which relief may be granted and will grant defendants' motion to dismiss pursuant to Rule 12(b)(6).

In order for Aurora, a convicted criminal, to have a right of action to sue defendant attorneys for malpractice stemming from their representation of him during criminal proceedings in federal court in Virginia, Aurora must first have obtained post-conviction relief. E.g., Adkins v. Dixon, 482 S.E.2d 797, 801-01 (1997); Sampang v. Detrick, 827 F. Supp. 174, 178 (W.D. Va. 1993). Aurora has not alleged that he obtained such relief; in fact, the record proves otherwise. See Civil Action

---

[2]In Aurora's previous § 2255 motion, Civil Action No. 7:01cv00305, he alleged ineffective assistance of counsel against his defense attorneys, and the court granted defendants motion to dismiss after reviewing the record—particularly the guilty plea hearing transcript. On October 7, 2003, the Fourth Circuit affirmed this court's dismissal of that § 2255 motion. See U.S. v. Aurora, 2003 U.S. App. LEXIS 20385 (4th Cir. Oct. 7, 2003).

In this complaint, although Aurora attempts to bring this case as a personal injury action, he styles his case as a "Complaint Ineffective Assistance of Counsel Sixth Amendment Violation," he alleges the same facts and claims as he did in his prior § 2255 motion, and he merely asks for damages in an amount "according to proof." Aurora's complaint is difficult to follow, but he appears to state nothing more than his version of the facts pertaining to his trial, sentence and conviction of 1999.

No. 7:01cv00305. This court denied Aurora post-conviction relief, and the Fourth Circuit affirmed that decision. See U.S. v. Aurora, 2003 U.S. App. LEXIS 20385 (4th Cir. Oct. 7, 2003). Aurora did not attempt to appeal the denial of his prior § 2255 motion to the United States Supreme Court. Because Aurora has failed to allege and prove that he obtained post-conviction relief, his claims must be dismissed. See E.g., Adkins, 482 S.E.2d at 801-01; Sampang, 827 F. Supp. at 178. Therefore, the court grants defendants' motion to dismiss concerning any possible claims Aurora may attempt to state for malpractice under Virginia law.

### III.

For the reasons stated, the court dismisses Aurora's claims to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and grants defendants' motion to dismiss Aurora's malpractice claims against defendants.

**ENTER**: This ___12th___ day of October, 2005.

SENIOR UNITED STATES DISTRICT JUDGE

3